UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Regina Pickett
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Office of Legislative Services
_____

**RECEIVED**

NOV - 2 2023

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

**COMPLAINT**

Jury Trial: [X] Yes  [ ] No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name                 Regina Pickett
            Street Address       308 Sewell Ave
            County, City         Mercer, Trenton
            State & Zip Code     New Jersey 08610
            Telephone Number     609-954-4055

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name **Office of Legislative Services**
Street Address **145 W. State St.**
County, City **Mercer, Trenton**
State & Zip Code **New Jersey 08625**

Defendant No. 2
Name
Street Address
County, City
State & Zip Code

Defendant No. 3
Name
Street Address
County, City
State & Zip Code

Defendant No. 4
Name
Street Address
County, City
State & Zip Code

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
[X] Federal Questions         [ ] Diversity of Citizenship
[ ] U.S. Government Plaintiff  [ ] U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **SEE ATTACHED**

<mark>C.</mark>   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur?  *See Attached*

B.   What date and approximate time did the events giving rise to your claim(s) occur?

*See Attached*

[What happened to you?]

C.   Facts: *See Attached*

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

*See Attached*

<mark>- 3 -</mark>

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  See Attached

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  See Attached

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 2 day of November, 20 23.

Signature of Plaintiff

Mailing Address  806 Sewell Ave
Trenton, N.J.
08610

Telephone Number 609-954-4055

Fax Number *(if you have one)*

E-mail Address  GINAGEE66@GMAIL.COM

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff

## CERTIFICATION OF SERVICE

I, Regina Pickett, certify that a copy of my motion was served
(Name of Moving Party)

by Mail on November 2, 2023 upon:
(Mail, Personal Service, etc.)   (Date)

**RECEIVED**

NOV - 2 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Achchana Ranasingh
(Name of Opposing Party)

Office of the Attorney General
Division of Law
P.O. Box 112 Richard J. Hughes Justice Complex
(Address of Opposing Party) Trenton, N.J. 08625-0117

_____
Name (Signature)

## CERTIFICATION OF SERVICE

I, __Regina Pickett__, certify that a copy of my motion was served
(Name of Moving Party)

by __Certified Mail__ on __November 2, 2023__ upon:
(Mail, Personal Service, etc.)   (Date)

__Roger Lai__
(Name of Opposing Party)

__P.O. Box 68 State House Annex Room 210__
__Trenton, NJ 08625__

(Address of Opposing Party)

_[signature]_
Name (Signature)

Roger Lai
PO BOX 68 STATE HOUSE ANNEX, ROOM 210
Trenton, NJ 08625

ACHCHANA RANASINGHE
OFFICE OF THE ATTORNEY GENERAL, DIVISION OF LAW
PO BOX 112 RICHARD J HUGHES JUSTICE COMPLEX
TRENTON, NEW JERSEY 08625-0117

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **REGINA PICKETT,** | Case No.: Number |
| **Plaintiff,** | |
| vs. | PLEADING TITLE |
| **OFFICE OF LEGISLATIVE SERVICES,** | |
| **Defendant** | |

Plaintiff, Regina Pickett, by way of Complaint against Defendants, avers:

1. Plaintiff, Regina Pickett, is an individual residing at, 306 SEWELL AVENUE, Trenton, New Jersey 08610.

2. Defendant, Office of Legislative Services, is an agency of the Legislative Branch of the State Government of New Jersey that is governed by the New Jersey Legislative Services Commission, located at 145 West State Street Trenton, NJ 08625.

3. On July 20, 1987, Plaintiff, Regina Pickett began employment with the Office of Legislative Services. Nicholas Behmke began his employment as director of

PLEADING TITLE - 1

Data Management Unit with the Office of Legislative Services, in August 2018. The unit was renamed to Information Technology Unit in 2019.

4. In March of 2021, Nicholas Behmke in collaboration with Human Resource Director (Christin Knox) came together to implement a policy directly used to discriminate against me. Throughout the year of 2021 into 2022, disparate treatment ensued.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) Racial discrimination in the workplace by implementing a policy that enabled bias and unequal treatment. For this Complaint alleges:

5. On March 19, 2020, the Office of Legislative Services transitioned to remote work due to the COVID-19 pandemic. On July 20, 2020, Peri Horowitz, the Executive Director, and Christian Knox, the HR Director, created a hybrid onsite and remote work arrangement for the Office of Legislative Services (OLS) employees. The policy included a provision stating that employees with high-risk medical conditions could continue to work remote as directed by a medical professional if supported with documentation.

6. On July 14, 2020, per my doctor's recommendation, I submitted documentation to continue working remote. I received written approval

PLEADING TITLE - 2

from Human Resources on July 30, 2020, to continue remote work until January 14, 2021.

7. On January 4, 2021, I submitted updated documentation to continue working remote (as the pandemic was still in full swing) and I obtained approval to continue remote work until June 18, 2021.

8. On March 1, 2021, I received an email from Christian Knox, inquiring of my availability to attend a zoom call to which I inquired about the basis of the meeting and did not receive correspondence. Christian Knox scheduled the zoom call for March 3, 2021. Attendees were myself, my director Nicholas Behmke, and Christin Knox. During this meeting, the defendants informed me that OLS would no longer support a COVID-19 telework accommodation for Network Engineers to work remote, due to an underlying health condition or dependent care. Several instances of bias and unequal treatment began once I returned to the workplace on March 22, 2021, which raised concerns.

9. On March 30, 2021, Krista LaBoy, a Caucasian Network Engineer, requested to work remote for dependent care on April 1, 2021, and received approval from Mitchell Blustein. Similarly, Charles Green, a Caucasian Network Engineer, requested and received approval to work remote for the week of May 3, 2021. In contrast, I requested to work remote May 13, 14, and 17-19, 2021 for quarantine purposes and was

PLEADING TITLE - 3

denied by Christin and Nicholas, and was instructed to use my paid time off (PTO). I became aware that on May 18, 2021, Nicholas made a written statement (via email Re: subject Regina) to Joseph Petrino, ***"I make a point to make her use her own time"***, and Petrino responded, ***"Good!"*** On this instance where I was denied remote work, Mitchell Blustein, James Fasoli, and Nicholas sent out electronic communication to all members of the networking group that there would be no remote work for all those that report to Mitchell Blustein. Nicholas forwarded correspondence to Mitchell stating ***"Agreed. Head off the Regina question ahead of time"***. These apparent disparities in treatment coupled with the collaboration within the Information Technology Unit leadership team, statements made by Nicholas, along with the sudden change in the remote work policy for network engineers, exhibits overt discrimination.

10. In May of 2021, I experienced a significant change in my daily job duties demoting my role from a *Network Engineer* to that of a *Network Technician*. It is important to note that no other Network Engineers were required to perform any of the following tasks whether onsite or off-site, summing up the role of a Network Technician. This was a clear demotion in tasks, and I was now required to physically load and unload vans with computer equipment, monitors, keyboards, and PC's.

PLEADING TITLE - 4

Additionally, I was now required to travel to various legislative offices to disconnect, move, reconnect computer equipment, and printers, increasing exposure and risks of contracting COVID-19. This affected my mental state significantly, causing increased anxiety, and physical pain with the constant loading, lifting and moving of computer equipment.

11. Effective October 25, 2021, OLS required all employees to provide proof of full vaccination against Covid-19 or if unvaccinated, employees were to submit weekly results of a negative COVID-19 PCR test to Human Resources no later than 10:00 am, of the first day of the workweek to gain entry into the workplace. Employees who did not submit test results, were not permitted on-site, had to use accumulated leave, and would not be permitted to work remote. On December 28, 2021, Charles Green did not want to use his (PTO). While awaiting his Covid-19 test results Charles Green asked Nicholas Behmke if he could work remote and his request was granted. Similarly, I (the plaintiff) requested the same accommodations a week later on January 3, 2022, (as the lab was backlogged on getting out test results) via email to Christin Knox, and I received correspondence from Carly Diaz in Human Resources stating that I would need to use my own leave time. I responded protesting to her that I was aware others had been allowed to

PLEADING TITLE - 5

work remote while waiting for their test results. On January 4, 2022, I emailed defendants, (Nicholas Behmke) and (Mitchell Blustein) asking if I could work remote while waiting for my test results and Nicholas Behmke denied my request and directed me to Human Resources to which I had already received their denial.

12. Nicholas B. and Mitchell B consciously knowing they were facilitating and perpetuating acts of blatant maltreatment, have shown a limpid pattern of bias behavior and practices of continuous discrimination, which created an extremely hostile work environment. Colleagues have received directives not to share project information with me and my supervisor Mitchell informed me that I was not to ask any of my colleague's questions about any work projects, and to direct all of my questions to him only.

13. As a result of being subjected to their behavior I have experienced emotional distress in the form of anxiety, emotional trauma, irritation, indignation, and resentment all contributing to psychological stress as the defendant was deliberate in having me travel to other legislative offices increasing vulnerability to health risks, chances of contracting the coronavirus, and ultimately increasing likeliness of possible death. I would also like to mention that defendants were aware that I had lost my father and other family members amid experiencing these changes and

PLEADING TITLE - 6

challenges. I have experienced defendants' verbal response of, "*you people* *always asking for time off or to leave early*". Enduring humiliation by the demotion in my daily work duties, the stress, and mental anguish, impelled me to seek professional treatment. This bias treatment negatively affected my work environment, productivity and the interaction between my longtime colleagues and supervisors.

Wherefore, Plaintiff requests that the Court:

- Reinstate all PTO time used and add seven additional sick days.
- Mandate all staff attend New Jersey Division of Civil Rights bias training.
- Monetary relief for the amount of $150,000.00 due to the emotional distress and harms inflicted throughout the entirety of this unfortunate experience. This amount covers a range of harms not exhaustive, but includes anxiety, sleeplessness, loss of enjoyment of professional environment, reputational harm, strained relationships with family members, friends and colleagues, all court cost, fees incurred, and any additional relief as determined by the Court.

*[signature]*
Pro Se

PLEADING TITLE - 7